UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE RODELO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TULARE, a municipality; COUNTY OF TULARE, a municipality; and DOES 1-10,<br><br>Defendants. | No.  1:15-cv-01675-KJM-BAM<br><br><br>ORDER |

This action brought under 42 U.S.C. § 1983 arises out of the arrest and subsequent detention of plaintiff Maria Guadalupe Rodelo by Tulare Police Department officers on May 20, 2015.  Before the court is defendant City of Tulare's ("City") motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 17.  Plaintiff opposed the motion, ECF No. 20, and City replied, ECF No. 24.  The court submitted the matter pursuant to Local Rule 230(g).  As explained below, the court GRANTS defendant's motion to dismiss plaintiff's municipal liability claims against City.

/////

/////

/////

1    I.      BACKGROUND

2       A.     Allegations Against Does 1-10

3          On November 4, 2015, plaintiff filed a complaint, which makes the following

4 allegations.  On May 20, 2015, plaintiff was pulled over by a Tulare Police Department officer for

5 operating her vehicle while talking on her cell phone.  Compl. ¶ 17, ECF No. 1.  The officer

6 instructed plaintiff to step outside of her vehicle and proceeded to handcuff and arrest plaintiff.

7 *Id.* ¶¶ 18–19.  The officer told plaintiff she was being arrested because there were outstanding

8 felony and misdemeanor warrants for her arrest.  *Id.* ¶ 19.  Plaintiff explained to the officer that

9 she had never been in trouble with the law, but the officer placed her in the back seat of a patrol

10 vehicle and drove her to the police station.  *Id.* ¶¶ 20–21.

11          Plaintiff was then detained at the Bob Wiley Detention Facility for three days.  *Id.*

12 ¶¶ 2–3, 23.  During her time at the facility, she was repeatedly ridiculed and mocked by County

13 staff.  *Id.* ¶¶ 2, 23.  Plaintiff was released from the facility on May 22, 2015.  *Id.* ¶¶ 3, 23.  There

14 were in fact no outstanding warrants for plaintiff's arrest.  *Id.* ¶¶ 3, 24.

15          The complaint asserts claims against the individual officers (Does 1-10) for

16 arresting and detaining plaintiff in violation of the Fourth and Fourteenth Amendments and 42

17 U.S.C. § 1983, battery, false arrest/false imprisonment, intentional infliction of emotional

18 distress, and negligence.

19       B.     Allegations Against City

20          The complaint asserts municipal liability claims against defendants City and

21 County under 42 U.S.C. § 1983 for ratifying the officers' unconstitutional acts, inadequately

22 training the officers, and maintaining unconstitutional customs, practices, and policies.

23          The complaint alleges a final policymaker "knew of and specifically approved of

24 (or will specifically approve of)[1]" the unconstitutional acts of Does 1-10 as being "within policy."

25 *Id.* ¶¶ 44–47.  The complaint alleges "[t]he training policies of City were not adequate to train its

26

27         [1] While noting that any claim based on a speculative future act is likely not ripe, the court does not need to reach the merits of any such issue at this time.

28

1  officers to handle the usual and recurring situation with which they must deal, including without

2  limitation looking up outstanding warrants, verifying the identity of subjects, detaining subjects,

3  and placing subjects under arrest." *Id.* ¶ 54.  The failure of City to provide adequate training

4  allegedly caused the deprivation of plaintiff's rights by Does 1-5.  *Id.* ¶ 55.  The complaint alleges

5  Does 1-10 acted pursuant to "an expressly adopted official policy or a longstanding practice or

6  custom of City."  *Id.* ¶¶ 63, 65.  City allegedly provided inadequate training, employed police

7  officers who City knew or reasonably should have known had dangerous propensities,

8  inadequately supervised and disciplined police officers, maintained inadequate procedures for

9  reporting and investigating misconduct, and maintained a policy of inaction towards police

10  officers who wrongfully detain and arrest individuals.  *Id.* ¶ 67.  The complaint alleges City acted

11  with intentional, reckless, and callous disregard for plaintiff's constitutional rights, and City's

12  unconstitutional policies were a significantly influential force behind plaintiff's injuries.  *Id.* ¶ 69.

13  Plaintiff concedes two of the allegations mistakenly mention plaintiff was sexually assaulted,

14  when she was never sexually assaulted by the defendant officers.  Opp'n at 4, ECF No. 20.

15  II.     LEGAL STANDARD

16          Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

17  dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ.

18  P. 12(b)(6).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

19  sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

20  F.2d 696, 699 (9th Cir. 1990).

21          Although a complaint need contain only "a short and plain statement of the claim

22  showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion

23  to dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a

24  claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

25  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something

26  more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

27  conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting

28  *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

3

1    for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

2    its judicial experience and common sense." *Id.* at 679.

3           In making this context-specific evaluation, this court must construe the complaint

4    in the light most favorable to the plaintiff and accept as true the factual allegations of the

5    complaint. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  This rule does not apply to "a

6    legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

7    *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to

8    judicial notice" or to material attached to or incorporated by reference into the complaint.

9    *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).  A court's

10   consideration of documents attached to a complaint, documents incorporated by reference in the

11   complaint, or matters of judicial notice will not convert a motion to dismiss into a motion for

12   summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of*

13   *Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News*

14   *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond

15   pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6)

16   motion).

17   III.    DISCUSSION

18          A.    Municipal Liability

19          Section 1983 imposes liability on "persons" who, under color of law, deprive

20   others of a constitutional right.  42 U.S.C. § 1983.  Municipalities may be held liable as "persons"

21   under § 1983, but not for the unconstitutional acts of their employees based solely on a

22   respondeat superior theory.  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–95

23   (1978).  Rather, a plaintiff seeking to impose liability on a municipality under § 1983 is required

24   "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bd. of Cnty.*

25   *Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  To sufficiently plead a *Monell* claim and

26   withstand a Rule 12(b)(6) motion to dismiss, allegations in a complaint "may not simply recite

27   the elements of a cause of action, but must contain sufficient allegations of underlying facts to

28   give fair notice and to enable the opposing party to defend itself effectively."  *AE ex rel.*

4

*Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  Thus, the court considers a motion to dismiss a claim of municipal liability under a heightened pleading standard.  *See Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) ("*Iqbal* has made clear that conclusory, 'threadbare' allegations that merely recite the elements of a cause of action will not defeat a motion to dismiss . . .  In light of *Iqbal*, it would seem that the prior Ninth Circuit pleading standard for *Monell* claims (i.e. 'bare allegations') is no longer viable."); *Jarreau-Griffin v. City of Vallejo*, No. 2:12-CV-02979-KJM, 2013 WL 6423379, at *5 (E.D. Cal. Dec. 9, 2013).

A *Monell* claim may be stated under three theories of municipal liability: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct.  *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010).  To state a claim under *Monell*, a party must identify the challenged policy or custom, explain how it was deficient, explain how it caused the plaintiff harm, and reflect how it "amounted to deliberate indifference, i.e. explain[ ] how the deficiency involved was obvious and the constitutional injury was likely to occur."  *Young*, 687 F. Supp. 2d at 1149 (examining *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)); *see Knanishu v. McGinness*, 478 F. App'x 432, 433 (9th Cir. 2012) (affirming district court's dismissal of claims against County of Sacramento where plaintiff failed to "allege that his injuries were proximately caused by defendants' conduct under an official county policy, custom, practice, or procedure"); *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011) (affirming dismissal where plaintiff failed to allege "any facts demonstrating that his constitutional depravation was the result of a custom or practice of the [defendant city] or that the custom or practice was the 'moving force' behind his constitutional deprivation").

B.     Ratification

A plaintiff may claim *Monell* liability where an "official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it."  *Gillette*

1   *v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992).  "A policymaker's knowledge of an

2   unconstitutional act does not, by itself, constitute ratification."  *Christie v. Iopa*, 176 F.3d 1231,

3   1239 (9th Cir. 1999).  "[A] policymaker's mere refusal to overrule a subordinate's completed act

4   does not constitute approval."  *Id.*  Rather, ratification requires the authorized policymaker to

5   make a "conscious, affirmative choice."  *Gillette*, 979 F.2d at 1347.  Ratification "and thus the

6   existence of a *de facto* policy or custom, can be shown by a municipality's post-event conduct,

7   including its conduct in an investigation of the incident."  *Dorger v. City of Napa*, No. 12-440,

8   2012 WL 3791447, at *5 (N.D. Cal. Aug. 31, 2012) (citing *Henry v. Cnty. of Shasta*, 132 F.3d

9   512, 518 (9th Cir. 1997)).

10          Here, the complaint merely recites the elements of the claim without providing any

11   factual allegations.  The complaint alleges "a final policymaker . . . knew of and specifically

12   approved of (or will specifically approve of)" the unconstitutional acts of Does 1-10 as being

13   "within policy."  Compl. ¶¶ 44–47.  Though plaintiff need not prove her case at this stage,

14   "conclusory, 'threadbare' allegations that merely recite the elements of a cause of action will not

15   defeat a motion to dismiss."  *Young*, 687 F. Supp. 2d at 1149 (discussing *Iqbal*'s effect on claims

16   for municipal liability).  The complaint does not identify an affirmative choice by city officials to

17   approve the defendant officers' actions.  Plaintiff's allegations are insufficient to state a claim for

18   municipal liability premised on ratification.

19          C.      Failure to Train

20          In limited circumstances, a municipality's failure to train its officers may amount

21   to a policy of deliberate indifference.  *See Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008).  To

22   state a claim for failure to train, a plaintiff must show (1) "the existing training program" is

23   inadequate "in relation to the tasks the particular officers must perform"; (2) the officials have

24   been deliberately indifferent "to the rights of persons with whom the police come into contact";

25   and (3) the inadequacy of the training "actually caused the constitutional deprivation at issue."

26   *Merritt v. Cnty. of L.A.*, 875 F.2d 765, 770 (9th Cir. 1989) (internal citations and quotation marks

27   omitted).

28

Here, the complaint again provides conclusory allegations that merely track the elements of a claim for municipal liability.  The complaint alleges "[t]he training policies of City were not adequate to train its officers to handle the usual and recurring situation with which they must deal, including without limitation looking up outstanding warrants, verifying the identity of subjects, detaining subjects, and placing subjects under arrest."  Compl. ¶ 54.

In *Jarreau-Griffin v. City of Vallejo*, the plaintiffs alleged defendant City had a "duty of care to hire, train, supervise and discipline peace officers so as to avoid unreasonable risk of harm to detainees and care for those shot by officers"; "defendant City failed to train defendant Tribble in providing emergency medical care"; decedent's "death was a foreseeable harm resulting from defendants' failure to exercise the duty of care owed to [decedent], and due to defendant Tribble's lack of training by defendant City regarding the use of deadly force"; and decedent's injuries resulting from the defendant police officer's conduct were the "factual and proximate cause of [decedent's] death and plaintiffs' damages."  2013 WL 6423379, at *6.  In *Jarreau-Griffin*, this court concluded these allegations were "conclusory and d[id] not adequately plead municipal liability," because they "d[id] not plead with specificity the inadequacies of City's training practices."  *Id.*

The allegations in the complaint here are even more conclusory than those in *Jarreau-Griffin.*  And as in *Jarreau-Griffin*, the complaint here does not plead the inadequacies of City's training practices.  As a result, the court finds plaintiff's allegations insufficient to state a claim for municipal liability premised on failure to train.

D.     Unconstitutional Custom, Practice, or Policy

Finally, a plaintiff may establish municipal liability by demonstrating "the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'"  *Price*, 513 F.3d at 966 (quoting *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 984–85 (9th Cir. 2002)).  To establish liability for governmental entities under this theory, a plaintiff must show (1) that the plaintiff "possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and,

1   (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist.*

2   *No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation

3   omitted).

4          Plaintiff's allegations of an unconstitutional custom, practice, or policy suffer the

5   same defects as plaintiff's allegations of ratification and inadequate training.  Plaintiff's

6   conclusory allegations do not identify any specific policies or customs, explain how those policies

7   or customs were deficient, or explain how they specifically caused plaintiff harm.  As a result, the

8   complaint does not state a claim for municipal liability premised on an unconstitutional custom,

9   practice, or policy.  *See Jarreau-Griffin v. City of Vallejo, supra*; *Canas v. City of Sunnyvale*, No.

10  08-5771, 2011 WL 1743910 (N.D. Cal. Jan. 19, 2011); *Mong Kim Tran v. City of Garden Grove*,

11  11-1236, 2012 WL 405088 (C.D. Cal. Feb. 7, 2012).  Here as well, plaintiff's threadbare

12  assertions in the complaint are not sufficient to satisfy *Iqbal*.

13  IV.    <u>CONCLUSION</u>

14         For the foregoing reasons, the court GRANTS defendant's motion to dismiss the

15  municipal liability claims against City, but with leave to amend if plaintiff can do so consonant

16  with Federal Rule of Civil Procedure 11.  An amended complaint shall be filed within 21 days of

17  the date this order is filed.

18         IT IS SO ORDERED.

19   DATED:  February 11, 2016.

20

21   _____
     UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28

8