UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE RODELO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TULARE, a municipality; and DOES 1-10,<br><br>Defendants. | No.  1:15-cv-01675-DAD-BAM<br><br>ORDER WARNING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN TWENTY-ONE DAYS OR DEFENDANT CITY OF TULARE WILL BE DISMISSED WITH PREJUDICE<br><br>(Doc. No. 34) |

On November 4, 2015, plaintiff Maria Guadalupe Rodelo filed her complaint naming as defendants the City of Tulare, County of Tulare, and Does 1-10. (Doc. No. 1.)[1] Only municipal liability claims were alleged against the City of Tulare. (*Id*.) On February 11, 2016, the previously District Judge previously assigned to this action dismissed the municipal liability claims against the City of Tulare pursuant to Federal Rule of Civil Procedure 12(b)(6)1. (Doc. No. 29.) In that same order, plaintiff was granted leave to file an amended within twenty-one days of the date of that order "if plaintiff can do so consonant with Federal Rule of Civil Procedure 11." (*Id*.) On February 18, 2016, this action was reassigned to U.S. District Judge Dale A. Drozd for all further proceedings. (Doc. No. 30.) On March 3, 2016, pursuant to the

---

[1] Plaintiff is now proceeding pro se in this action. (Doc. No. 35.)

1

parties' stipulation, the court dismissed the County of Tulare from the action with prejudice. (Doc. No. 33.)

On March 4, 2016, counsel for the City of Tulare filed a proposed order dismissing all municipal liability claims against the City of Tulare with prejudice and entering judgment in favor of the City of Tulare due to plaintiff's failure to file an amended complaint in accordance with the court's February 11, 2016 order and the deadline for filing an amended complaint set forth therein. (Doc. No. 34.) Defendant City of Tulare did not, however, file a noticed motion to dismiss. Nevertheless, as of the date of this order and well past the deadline for the filing of an amended complaint established by the court's February 11, 2016 order, plaintiff has still not filed an amended complaint.

District courts may impose sanctions, including dismissal with prejudice, upon a plaintiff for non-prosecution. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (standards for dismissal under Federal Rule Civil Procedure 41(b).) However, "'[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions.'" *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987) (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). Factors that indicate whether a district court has considered alternatives include:

> (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?

*Id*. at 132. While encouraged, explicit discussion of alternatives is not necessary in such an order of dismissal. *Id*. Warning that failure to obey a court order will result in dismissal can itself meet the "consideration of alternatives" requirement. *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001); *Malone*, 833 F.2d at 132–33; *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990); *see also Henderson*, 779 F.2d at 1424 (district court adequately considered alternatives to dismissal under Rule 41(b) when it set deadlines for prosecution of the case and warned that failure to meet deadlines would result in dismissal).

1  Although a warning is not always required, *Adriana*, 913 F.2d at 1413; *Malone*, 833 F.2d
2  at 132; *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 353 (9th Cir. 1995), the
3  Ninth Circuit has typically focused on the lack of warning and absence of consideration of less
4  drastic alternatives when in such circumstances the dismissal is *sua sponte* rather than in response
5  to a noticed motion.  *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992).  *Compare In re*
6  *Eisen*, 31 F.3d 1447, 1455 (9th Cir. 1994), and *Morris v. Morgan Stanley & Co.*, 942 F.2d 648,
7  652 (9th Cir. 1991) (rejecting a warning requirement in a case involving a noticed motion to
8  dismiss), with *Oliva*, 958 F.2d at 274 (reversing a dismissal because the court *sua sponte*
9  dismissed a case without considering alternative sanctions or giving a warning), and *Hamilton v.*
10 *Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir. 1987) (reversing a district court's *sua*
11 *sponte* dismissal of a case because it failed to warn prior to dismissal).

12  Here, as indicated above, no noticed motion to dismiss has been filed following the
13 court's order dismissing with leave to amend.  Moreover, plaintiff is now proceeding in pro se
14 and has not previously been explicitly warned by the court of the consequences of not filing an
15 amended complaint.  Accordingly, and out of an abundance of caution, the court will provide
16 plaintiff with one final opportunity to file an amended complaint "if plaintiff can do so consonant
17 with Federal Rule of Civil Procedure 11."[2]  However, the court also explicitly warns that if
18 plaintiff fails to do so within the time provided by this order, her claims against defendant City of
19 Tulare will be dismissed with prejudice and judgment will be entered in favor of defendant City
20 of Tulare.

21 /////

22 /////

---

[2] Plaintiff is advised that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  See *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file in this action must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

For the reasons set forth above:

1) Plaintiff is granted leave to file an amended complaint with twenty-one days of the date of this order "if plaintiff can do so consonant with Federal Rule of Civil Procedure 11"; and

2) Plaintiff is advised that if she does not comply with this deadline the dismissal of the municipal liability claims against defendant City of Tulare will be with prejudice and judgment will be entered in favor of defendant City of Tulare.

IT IS SO ORDERED.

Dated:   **March 8, 2016**

UNITED STATES DISTRICT JUDGE